NOT RECOMMENDED FOR PUBLICATION
OR CITATION AS AUTHORITY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CIVIL ACTION NO. 05-CV-484-KKC

GARY LEE GRASTY                                                                                    PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

CHARLES E. SAMUELS, JR., ET AL.                                                        DEFENDANTS

\*\*     \*\*     \*\*     \*\*     \*\*

Gary Lee Grasty, currently in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Manchester, Kentucky, has filed a prisoner *pro se* civil rights action under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and a motion to proceed *in forma pauperis*. The motion will be granted by separate Order.

This matter is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

CLAIMS

The plaintiff alleges that he was fired from his prison job with UNICOR[1] in violation of (1) his equal protections rights under the U.S. Constitution; (2) the Constitution's prohibition against double jeopardy; and (3) a BOP Program Statement on employee conduct.

---

[1] The agency charged by Congress to manage inmate labor is Federal Prison Industries, Inc. ("FPI" or "UNICOR"). *Coalition For Government Procurement v. Federal Prison Industries, Inc*., 365 F.3d 435, 442 (6th Cir. 2004). "UNICOR" is the commercial or "trade" name of Federal Prison Industries, Inc. *See* 29 C.F.R. §345.11(a) (2003).

### DEFENDANTS

As defendants, the plaintiff names the prison's Warden Charles E. Samuels, Jr.; the UNICOR factory manager, Bradley Crow; and the Superintendent of Industries, R. L. Pierce.

### RELIEF REQUESTED

The plaintiff seeks a jury trial; certain injunctive relief; and damages.

### FACTUAL ALLEGATIONS

The following is a summary of the plaintiff's allegations, as contained in his *pro se* complaint and later-filed copies of documents exchanged as the plaintiff pursued the BOP administrative remedy process to exhaustion. Record Nos. 1, 4.

The plaintiff, who is Caucasian, alleges that on December 17, 2004, he was found to be in possession of a Super Bowl gambling ticket by a UNICOR foreman, who immediately issued an incident report charging him with possession of gambling paraphernalia in violation of certain portions of 28 C.F.R. Chapter V, at 583. Later that day, Defendant Crow, who manages the UNICOR factory, recommended that the plaintiff be fired for his conduct. The next day, the plaintiff was found guilty of the prison offense and was sanctioned with the loss of 30 days' commissary privileges, suspended, pending 180 days of clear conduct. On December 20, 2004, Defendant Pierce fired him from his UNICOR job, based upon the disciplinary infraction.

One month later, on January 19, 2005, the plaintiff filed a grievance alleging racial discrimination and claiming that two unidentified Black inmates, who had both been caught more than once with gambling paraphernalia, had not been punished as he was as a first-time offender. Plaintiff Grasty asked the BOP to return him to his job and appropriate pay. The warden responded that the plaintiff had been found guilty of the infraction, and "[i]nmates who receive UNICOR

2

related Incident Reports are always removed from UNICOR work status." The plaintiff appealed, complaining that Warden Samuels is also Black and participating in the discrimination against White inmates. In the latter stages of the administrative remedy process, the plaintiff identified one of the Black inmates as being named Danny Thomas, who was caught with such paraphernalia on January 20, 2005.[2]

After exhausting the BOP administrative remedy process with regard to his discrimination claim, the plaintiff filed the instant action, changing his racial references to "Caucasian" and "African-American," rather than "White" and "Black." In the complaint, Mr. Grasty identifies a second African-American inmate, G. Lowe, who was purportedly caught with a gambling ticket on May 18, 2005.[3] As to both of these African-Americans working in UNICOR, the plaintiff complains that when they were found to be in possession of a gambling ticket, in violation of the same regulation, they were treated quite differently from the way in which the white plaintiff was treated. Grasty claims that despite their conduct being identical to the plaintiff's, neither of them was issued an incident report, nor recommended for termination from his UNICOR job, nor fired from UNICOR.

The plaintiff seeks injunctive relief in the form of being restored to his job with all accrued past benefits; and monetary awards, including his costs, back pay, and punitive damages.

## DISCUSSION

To establish relief under *Bivens*, the plaintiff must plead two essential elements. He must

---

[2] The Court notes, however, that this date is *after* the plaintiff's firing and *after* he had begun the administrative process with the contention that 2 Black inmates had already been given favorable treatment.

[3] See the immediately preceding footnote.

show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of *federal* law. *Bivens*, 403 U.S. at 397.

However, before reaching the question of whether the instant plaintiff has stated a cognizable federal claim, the Court must examine whether Mr. Grasty has satisfied a pre-condition to the filing of a prisoner-plaintiff's lawsuit. In the Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996, the United States Congress legislated as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Sixth Circuit has consistently insisted on a clear demonstration of compliance with the statute at the time of filing, *i.e.*, a plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

Further, the Sixth Circuit has decided that courts within this circuit must follow the "total exhaustion" rule, meaning that whenever there is a single unexhausted claim, despite the presence of other exhausted claims, the court must dismiss the entire complaint for failure to exhaust. *Bey*

*v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). *See also Walton v. Bouchard*, 136 Fed.Appx. 846, 848 (6th Cir. 2005) (unpublished) (affirming dismissal of complaint because discrimination claim was unexhausted as to every defendant); *Williams v. Overton*, 136 Fed.Appx. 859, 862 (6th Cir. 2005) (unpublished) (same); *see also Sanchez-Ramos v. Sniezek*, 370 F.Supp.2d 652, 656-57 (N.D. Ohio 2005) (dismissing the prisoner's entire action, an assault claim being exhausted but his retaliation and medical care claims being unexhausted).

In the cause of action *sub judice*, the plaintiff's administrative remedy documents reveal that he pursued the BOP administrative remedy process to exhaustion on his discrimination claim,[4] but at no time therein did the plaintiff raise his double jeopardy claim or the claim based on a BOP Program Statement. Thus, he has not demonstrated "total exhaustion" and his claims may not proceed any further.

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** that this action be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

Dated this 21st day of October, 2005.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**

---

[4] The plaintiff's claim is more accurately described as one of "reverse discrimination."